IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKY TEJADA, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 15-6647 |
| | : | |
| v. | : | |
| | : | |
| JON D. FISHER, et al., | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                          May 12, 2016

On December 11, 2015, the clerk of court docketed a purported petition for a writ of habeas corpus filed by the *pro se* petitioner, Ricky Tejada ("Tejada").[1] Petition for Writ of Habeas Corpus, Doc. No. 1. In this handwritten document, Tejada appears to be seeking habeas relief from a October 28, 2015 order entered by the Supreme Court of Pennsylvania in the matter of *Ricky Tejada v. Jon D. Fisher, et al.*, No. 614 MAL 2015. Petition for Writ of Habeas Corpus at 1-2, 4, 5.[2] In this order (which Tejada attaches to the petition), the Supreme Court of Pennsylvania denied Tejada's petition for an allowance of appeal. *Id.* at 5. Tejada appears to contend that the Supreme Court of Pennsylvania incorrectly reached this conclusion because he should have received the benefit of the "prisoner mailbox rule" insofar as he had "properly signed and executed inmate cash slip," which would have shown the date of deposit and acted in lieu of a postmark. *Id.* at 2-3.

---

[1] Despite Tejada's characterization of the document as a habeas corpus petition, he identifies the respondents as Jon D. Fisher, Superintendent, Lisa Hollibaugh, Lt. Peck, Sgt. Workinger, and Officer Barcelona. Petition for Writ of Habeas Corpus at 1, 5.

[2] The court uses the Case Management/Electronic Case Files page numbers when citing to the pages of this document.

After reviewing the handwritten petition, the court entered an order on December 28, 2015, which, *inter alia*, required Tejada to (1) complete a form petition under 28 U.S.C. § 2254 and return it to the clerk of court, and (2) complete an application to proceed *in forma pauperis* and return it to the clerk of court or pay the $5.00 filing fee. Order, Doc. No. 2. Tejada had to complete these tasks within 30 days of the date of the order. *Id.*

Tejada filed a motion seeking an extension of time to comply with the December 28, 2015 order that the clerk of court docketed on February 5, 2016. Doc. No. 3. On that same date, the court entered an order extending the time for compliance until March 4, 2016. Doc. No. 4.

On March 4, 2016, the clerk of court docketed Tejada's second motion for an extension of time and his notice that he purportedly paid the filing fee. Doc. No. 5. In the motion, Tejada asserted that he needed additional time to comply with the December 28, 2015 order because his address had changed. Motion for Extension of Time and Notice of Filing Fee Being Paid at 1, 2. Tejada also stated that he sent "a U.S. Postal money order in the amount of $20 . . . to this court for the filing fee required by this court" on January 12, 2016. *Id.* at 2. According to Tejada, the clerk of court returned the money order to him, and he sent it back to the court on February 8, 2016. *Id.* There is no record of the clerk of court receiving the resent money order.

The court granted Tejada's second motion seeking additional time via an order entered on March 8, 2016. Doc. No. 6. On April 4, 2016, the clerk of court docketed two documents submitted by Tejada. Doc. Nos. 7, 8. The first document was a completed application to proceed *in forma pauperis*. Doc. No. 7. The second document was titled, "Motion to Clarify the Pleadings and Motion to Show Cause the Filing Fee Money Wasn't Remitted Back to the Court." Doc. No. 8. With this second document, Tejada attached a completed section 2254 habeas petition for this case and completed habeas petitions for four other pending cases that he has in

this court, Civil Action Nos. 15-6440, 15-6645, 15-6646, and 15-6648. *Id.* Through the submission of these documents, the petitioner has complied with the court's December 28, 2015 order. For ease of reference, the court had the clerk of court docket the amended petition as a separate document by order dated May 6, 2016. Doc. Nos. 10, 11.

With regard to the motion to clarify and motion to show cause, it appears that Tejada asserts that he submitted a partial filing fee to the clerk of court with a designation of the cases to which the clerk should apply the amount submitted. Motion to Clarify the Pleadings and Motion to Show Cause the Filing Free Money Wasn't Remitted Back to the Court at 1-2.[3] He seeks an order requiring the clerk's office to show cause that he did not resubmit it within a week of it being returned to him. *Id.* at 2.

The undersigned has confirmed with the clerk of court's office that it did not re-receive any funds from Tejada that could be applied to the filing fee owed in this action or any of his other currently-pending cases. Thus, there is no basis for the court to require the clerk's office to show cause (even if the court could enter such an order), and the court will deny the motion seeking a show cause order.

Although Tejada failed to remit the filing fee, this does not preclude the court from reviewing the instant habeas corpus petition because he filed a completed application to proceed *in forma pauperis*. Regarding motions to proceed *in forma pauperis*, the court notes that

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a).

---

[3] The court uses the Case Management/Electronic Case Files page numbers when citing to the pages of this document.

As indicated by the language in section 1915(a), to proceed *in forma pauperis* Tejada must establish that he is unable to pay the costs of suit.  *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit.").  Here, after reviewing the application to proceed *in forma pauperis*, it appears that Tejada is unable to pay the costs of suit.  Therefore, the court grants Tejada leave to proceed *in forma pauperis*.

Concerning the substance of the habeas corpus petition itself, Tejada indicates, *inter alia*, that (1) the Court of Common Pleas of Huntingdon County entered the judgment of conviction that he is challenging, (2) the applicable "criminal" docket number for the state-court case is "14-769," and (3) the date of the judgment of conviction is "on or about Nov./[D]ec. 2014."  Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Section 2254 Pet.") at 2, Doc. No. 11.[4]  Despite providing this information that would seem to pertain to a criminal case, Tejada also indicates that he does not have a date of sentencing because it is "'N/A' (not applicable)."  *Id.*  He further indicates that the case was disposed of pretrial and did not go to trial.  *Id.* at 3.  He filed an appeal and the Commonwealth Court of Pennsylvania dismissed the appeal, which was docketed at No. 101 C.D. 2015.  *Id.* at 3.  Tejada then sought review with the Supreme Court of Pennsylvania, which denied his appeal.  *Id.* at 3-4.

In the section of the petition where Tejada must "state every ground on which [he] claim[s] that [he] is being held in violation of the Constitution," he states that his first ground is: "[D]id undersigned file a timely notice of appeal[?]"  *Id.* at 6.  He identifies his supporting facts as follows:  "[U]nder [the] 'prisoner mail box rule' undersigned appeal timely."  *Id.*  As a second

---

[4] When referring to a particular page in the instant habeas corpus petition, the court uses the page number indicated in the upper right-hand corner of the habeas petition.

ground supporting his claim for relief, Tejada states: "[D]id the verification fail to comport with Pa.R.C.P. No. 76 mandates [?]" *Id.* at 8. His facts supporting this ground are: "the requirements of 18 Pa.S.C.A. [§] 4904 was not met." *Id.* at 8. Overall, Tejada requests that the court "vacate the judgement [sic] as void and remand back for proceedings consistent with the Rules of Court." *Id.* at 16.

After reviewing the entirety of the completed form habeas petition combined with the attachment to his initial handwritten petition and the motion to clarify, Tejada has submitted a frivolous habeas corpus petition and he has otherwise failed to state a claim warranting habeas corpus relief because he is improperly attempting to challenge the decisions of the state courts in an underlying **civil** action. Even though Tejada references a "judgment of conviction" in the instant amended habeas corpus petition, the totality of the petition and the other documents in this action demonstrates that he is seeking to challenge state court decisions that resulted in the dismissal of his civil action. With respect to the information demonstrating that the petition relates to claims in a civil matter, the court notes that (1) the caption of the original petition reads as a civil action, (2) Tejada indicates in his motion to clarify the pleadings that "the above-captioned matter[ is a] civil and not [a] criminal matter," (3) Tejada states that the trial court dismissed the case at the pre-trial stage, and (4) Tejada raises challenges relating to a verification.

Neither 28 U.S.C. § 2241 nor 28 U.S.C. § 2254 provide avenues for Tejada to get the relief he appears to seek in this case, namely vacating the civil judgment of the state court and having the matter remanded there for further proceedings. With regard to section 2254, it states that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ***only on the ground that he is in***

*custody in violation of the Constitution or laws or treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added).  Although Tejada appears to be "in custody pursuant to the judgment of a State court," he does not assert that he is "in custody in violation of the Constitution or laws or treaties of the United States."[5]  *Id.*  Instead, he is asserting that the state courts erred in their resolution of his civil litigation.  Further, he is not arguing that the underlying state matter has anything to do with the fact that he is currently in custody.

Section 2241 also does not provide a basis for relief.  "The unique purpose of habeas corpus [is] to release the applicant for the writ from unlawful confinement."  *Allen v. McCurry*, 449 U.S. 90, 98 n.12 (1980) (citation omitted).  Also, "the essence of habeas corpus is an attack by a person in custody *upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody*."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Again, Tejada is not using the instant petition to challenge the legality of his custody or to seek his release from custody.  Instead, he is challenging the propriety of the trial court's dismissal of his civil action and the appellate courts' dismissal of his appeal.  He may not use the writ of habeas corpus to obtain this relief.

Because Tejada is attempting to challenge the legality of the dismissal of his civil action, he has not set forth a claim upon which the court can grant habeas corpus relief and this petition is frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii) ("[T]he court shall dismiss the case at any time if the court determines that--**(B)** the action or appeal--**(i)** is frivolous or malicious; [or] **(ii)** fails to state a claim on which relief may be granted[.]"); *see also see Russell v. Martinez*, 325 F.

---

[5] Previously, Tejada filed a petition for a writ of habeas corpus that the clerk of court docketed on January 20, 2015. *See Tejada v. Ford, et al.*, No. 15-cv-328.  In this prior habeas proceeding, Tejada challenged a conviction and sentence entered in the Court of Common Pleas of Lehigh County.  Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at 1, *Tejada v. Ford, et al.*, No. 15-cv-328, Doc. No. 6.  According to the petition, the state trial court imposed a sentence of incarceration of a minimum of 20 years to a maximum of 40 years on October 15, 2001.  *Id.*  Ultimately, the court denied the petition because Tejada filed it well after the expiration of the statute of limitations.  Order, *Tejada v. Ford, et al.*, No. 15-cv-328, Doc. No. 30.

App'x 45 (3d Cir. 2009) (dismissing an appeal filed by a habeas litigant on the basis of section 1915(e)(2)(B)(ii)).  Accordingly, the court will dismiss the instant petition.[6]

The court will issue a separate order formally disposing of the petition.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[6] In addition, the court will not issue a certificate of appealability under 28 U.S.C. § 2253(c) because Tejada has failed to make a substantial showing of the denial of a constitutional right or demonstrate that a reasonable jurist would debate the correctness of this ruling.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).